Filed 3/19/24  P. v. Cisneros CA2/1

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ERNESTO CISNEROS,<br><br>        Defendant and Appellant. | B329766<br><br>(Los Angeles County<br>Super. Ct. No. BA329573) |

        APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

        Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

        No Appearance for Plaintiff and Respondent.

_____

## MEMORANDUM OPINION[1]

Defendant Ernesto Cisneros appeals from the denial of his petition for resentencing pursuant to Penal Code[2] section 1172.6 (former § 1170.95[3]). We find no error and affirm.

## A.    Procedural Background

An information, filed on May 22, 2008, charged Cisneros with one count of second degree murder (§ 187, subd. (a)) and two counts of willful, deliberate, and premediated attempted murder (§§ 187, subd. (a); 664). The information further specially alleged as to all three counts that Cisneros personally and intentionally discharged a firearm causing great bodily injury to the named victims. (§ 12022.53, subds. (b-d).)

After trial, the jury found Cisneros guilty on all counts and found the firearm-related special allegations true. When Cisneros appealed, we reversed the murder conviction but did not disturb the attempted murder convictions or the true findings on the attempted murder related special allegations. (*People v. Cisneros* (Dec. 7, 2010, B216165) [nonpub. opn.].) The People did

---

[1] We resolve this case by memorandum opinion because it "is determined by a controlling statute which is not challenged for unconstitutionality and does not present any substantial question of interpretation or application." (Cal. Stds. Jud. Amin., § 8.1(1).) We set forth only those portions of the factual and procedural history necessary to explain our disposition.

[2] All unspecified statutory references are to the Penal Code.

[3] The Legislature renumbered the statute as section 1172.6, with no change in text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For ease of reference, we use the current citation at section 1172.6 throughout this opinion.

not retry the murder charge, and the trial court ultimately sentenced Cisneros to an aggregate prison term of 80 years to life.

On March 10, 2022, Cisneros filed a petition for resentencing on the two attempted murder convictions and requested appointment of counsel. The trial court appointed counsel as requested. After further briefing from both parties, and without holding an evidentiary hearing, the trial court concluded that Cisneros was ineligible for relief as a matter of law because the jury was not instructed on the natural and probable consequences doctrine, and the jury's verdict showed that Cisneros was the actual shooter and had a specific intent to kill.

Cisneros now appeals the denial of resentencing relief. His appointed appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. In *Delgadillo*, our Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit. In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231-232.) If the defendant does not file a supplemental brief, we "may dismiss the appeal as abandoned." (*Id.* at p. 232.) In that instance, we do "not need to write an opinion but should notify the defendant when [we]

3

dismiss[ ] the matter." (*Ibid*.)  Because a defendant who has been denied postconviction relief has no constitutional right to an appeal, we are not required to conduct an independent review of the record before dismissing the appeal, but we may conduct such a review at our discretion.  (*Id.* at pp. 227-228, 232.)

If the defendant does file a supplemental brief or letter, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion.  The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

On February 5, 2024, we notified Cisneros by letter of the no-merits brief filed by his counsel and informed him that he had 30 days to file a supplemental brief.[4]  We received Cisneros's supplemental brief on February 26, 2024.  We therefore turn to addressing the arguments made in that supplemental brief.

## B.    Cisneros Is Ineligible for Relief Under Section 1172.6

Section 1172.6 was enacted by the Legislature in 2018 as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.).  The legislation's overall purpose was "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  To accomplish this, the bill

---

[4] In a declaration submitted with his brief, Cisneros's counsel averred that he sent Cisneros a copy of counsel's brief along with a copy of the entire record on appeal.

added section 189, subdivision (e) "to amend the felony-murder rule," and added section 188, subdivision (a)(3) "to amend the natural and probable consequences doctrine." (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843.) Senate Bill No. 775 (2021-2022 Reg. Sess.) later expanded section 1172.6 to allow persons convicted of attempted murder under the natural and probable consequences doctrine to apply for resentencing. (Stats. 2021, ch. 551, § 2.)

"[A]*ttempted* murder requires a specific intent to kill." (*People v. Mumin* (2023) 15 Cal.5th 176, 190.) Formerly, such malice could be implied in an attempted murder prosecution " ' "when a person willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses." ' [Citation.] [¶] . . . The natural and probable consequences doctrine provides that ' "[a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime." ' [Citation.]" (*People v. Offley* (2020) 48 Cal.App.5th 588, 595.) Now, because of Senate Bill No. 775, implying malice via the natural and probable consequences doctrine can no longer support an attempted murder conviction.

As relevant here, section 1172.6 provides a mechanism for a defendant to seek resentencing where (1) an information was filed against the defendant that allowed an attempted murder prosecution to proceed under the natural and probable consequences doctrine, and (2) the defendant could not now be convicted of attempted murder under the present law. (§ 1172.6,

5

subd. (a).)  Cisneros does not meet this eligibility test, because he was not prosecuted for attempted murder based on the natural and probable consequences doctrine.  As to the attempted murder charges, the jury was not instructed on the natural and probable consequences doctrine, aiding or abetting, or any other theory under which malice would be implied.  Instead, his attempted murder prosecution and resulting convictions were based solely on express malice and Cisneros being the actual shooter.

Cisneros's supplemental brief argues the instructions given at his trial did not require the jury to find that he intended to kill the victims named in the attempted murder counts.  This is not correct.  The instructions expressly required that to convict Cisneros of attempted murder, the jury had to find he acted with "express malice aforethought, namely, a specific intent to kill . . . another human being."  The instructions further stated that to find true the special allegation that the attempted murder was willful, deliberate, and premeditated (which the jury did as to both counts), the jury had to conclude that each "attempted murder was preceded and accompanied by a clear, deliberate intent to kill, which was the result of deliberation and premeditation."

Cisneros also argues the court erred because an additional "kill zone" instruction given to the jury was functionally equivalent to a natural and probable consequences instruction and permitted "the jury to infer intent to kill based upon the participation in a separate crime."  Assuming without deciding that section 1172.6 relief is available to a petitioner convicted of attempted murder under a theory of implied malice other than

6

the natural and probable consequences doctrine,[5] we reject Cisneros's argument.  The kill zone theory of attempted murder is not a theory of implied malice, but instead a "theory for establishing the specific intent to kill required for conviction of attempted murder." (*People v. Canizales* (2019) 7 Cal.5th 591, 607.)  The kill zone theory does not impute or imply malice in the absence of a specific intent to kill; it requires the jury find a specific intent to kill and states that in certain circumstances such specific intent can apply to more than one victim.  " '[I]n a kill zone case, the defendant has a primary target and reasons [that] he cannot miss that intended target if he kills everyone in the area in which the target is located.' " (*Ibid*.)  Thus, to convict a defendant under the kill zone theory, the jury must find that the "defendant intended to kill everyone in the kill zone as a means of killing the primary target." (*People v. Mumin*, *supra*, 15 Cal.5th at p. 211.)

Thus, all of the instructions given at Cisneros's trial required the jury to find he specifically intended to kill the victims named in the attempted murder counts.  The kill zone instruction required the jury to find (if the jury was to rely upon

_____

[5] Section 1172.6, subdivision (a)'s plain language states that it affords relief to petitioners convicted of "attempted murder under the natural and probable consequences doctrine" and not any other theory or doctrine.  This contrasts with the statutory language governing murder convictions, which extends more broadly to *any* "theory under which malice is imputed." (§ 1172.6, subd. (a).)  To be eligible for relief under section 1172.6, Cisneros must show that he can no longer be convicted of murder "because of changes to [s]ection 188 or 189 made effective [by Senate Bill No. 1437]." (§ 1172.6, subd. (a)(3).)  But Senate Bill No. 1437 made no changes to the kill zone theory.

that theory) that Cisneros "primarily intend[ed] to kill one person," and "intended to kill [that] primary victim by killing everyone in that victim's vicinity." None of the attempted murder instructions given at Cisneros's trial involved another perpetrator. None of the attempted murder instructions permitted the jury to impute another perpetrator's malice to Cisneros, or to rely on implied malice. All of the attempted murder instructions instead required the jury find Cisneros himself had the specific intent to kill the named victims. Thus, in convicting Cisneros of two counts of willful, deliberate, and premeditated attempted murder and finding true the allegations that he personally and intentionally shot the victims, the jury had to and did find Cisneros was the actual shooter and that he harbored the specific intent to kill.

The jury's verdict thus reflects all the factual findings necessary to support an attempted murder conviction under current law, and conclusively refutes Cisneros's allegation that he could no longer be convicted of attempted murder because of the changes to sections 188 and 189. (*People v. Curiel* (2023) 15 Cal.5th 433, 465.) Cisneros was therefore ineligible for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)[6] The

---

[6] We reject Cisneros's claim of ineffective assistance of counsel by his appellate counsel. To prevail on such a claim, Cisneros must establish (1) counsel's performance fell below an objective standard of reasonable competence, and (2) Cisneros was prejudiced. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [104 S.Ct. 2052, 80 L.Ed.2d 674].) Cisneros fails to identify any meritorious issue his counsel failed to raise and therefore has not demonstrated any deficiency in counsel's performance or any resulting prejudice.

trial court accordingly did not err in summarily denying the resentencing petition. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 233 [a defendant is not entitled to relief, and a resentencing petition is properly denied at the prima facie stage, where the record of conviction makes ineligibility for relief clear].)

Finally, we decline counsel's request that we independently review the record, as nothing before us suggests such an exercise is necessary. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The trial court's order denying Cisneros's petition for resentencing is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.